THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD B. WINSHIP, Appellant.

Argued October 8, 1955; decided November 23, 1955.

*John W. Condon, Jr.,* for appellant.   I. The verdict of the jury was contrary to law because the necessary element of fear was not proved.   II. The evidence of identification presented against defendant was insufficient as a matter of law to overcome the presumption of innocence.   (*People* v. *Meehan,* 256 App. Div. 268; *People* v. *Cassidy,* 160 App. Div. 651; *People* v. *Seppi,* 221 N. Y. 62; *People* v. *Bearden,* 290 N. Y. 478; *People* v. *Gluck,* 188 N. Y. 167; *People* v. *Buchalter,* 289 N. Y. 181.)   III. The court erred in failing to conduct a hearing of the factual background contained in the motion of defendant to set aside the verdict and for a new trial.   (*People* v. *Cocco,* 279 App. Div. 1129; *People* v. *Durling,* 303 N. Y. 382; *People* v. *Leonti,* 262 N. Y. 256; *People* v. *Arata,* 254 N. Y. 565; *People* v. *Shilitano,* 215 N. Y. 715; *People* v. *Pauley,* 281 App. Div. 223.)   IV. The court erred in refusing defendant's request to remain outside of the courtroom while the People's witnesses gave their identification and description of the individual who perpetrated the crime for which defendant was indicted.   (*People* v. *Bragle,* 88 N. Y. 585; *People* v. *La Barbera,* 274 N. Y. 339; *People* v. *Sugar-*

*man,* 248 N. Y. 255; *Diaz* v. *United States,* 223 U. S. 442.) V. The court erred in quashing defendant's subpœna duces tecum.

*John F. Dwyer, District Attorney (Frederick M. Marshall* of counsel), for respondent. I. The evidence was sufficient, as a matter of law, to warrant submission to the jury and supported the jury's finding of guilt. (*Mahoney* v. *People,* 3 Hun 202.) II. The motion by appellant to set aside the verdict and for a new trial because of the alleged misconduct of a juror was properly denied. (*People* v. *Durling,* 303 N. Y. 382; *People* v. *Sprague,* 217 N. Y. 373; *People* v. *Patrick,* 182 N. Y. 131; *People* v. *Leonti,* 262 N. Y. 256; *People* v. *Bishop,* 66 App. Div. 415; *People* v. *Mack,* 35 App. Div. 114; *People* v. *Gallagher,* 75 App. Div. 39, 174 N. Y. 505; *People* v. *Rosen,* 251 App. Div. 584, 275 N. Y. 627.) III. The court's denial of defendant's motion to be excluded from the view of the People's witnesses was proper. (*People* v. *Strauss,* 174 Misc. 881; *People* v. *Defore,* 242 N. Y. 13; *People* v. *Gardner,* 144 N. Y. 119; *People* v. *Van Wormer,* 175 N. Y. 188.) IV. The quashing of defendant's subpœna duces tecum was proper and did not prejudice the rights of defendant. No exception was noted to the ruling of the court in quashing said subpœna, and the claim of error by appellant in this regard is not preserved for review. (*People* v. *Pindar,* 210 N. Y. 191; *People* v. *Cummins,* 209 N. Y. 283.)

*Per Curiam.* The defendant-appellant was convicted of second degree robbery and sentenced to seven and one-half to thirty years as a second felony offender.

The appellant has raised numerous grounds of error, only two of which merit discussion.

The appellant asserts that the trial court erred in refusing the defendant's request for permission to remain outside of the courtroom while the People's witnesses testified as to their description of the person who perpetrated the crime for which the defendant was indicted.

Section 356 of the Code of Criminal Procedure requires that the defendant must be personally present at the trial. Although he may waive this right to be present in court (*People* v. *La Barbera,* 274 N. Y. 339), nevertheless the People have the right to require his presence for the purpose of identification by its

witnesses. A defendant must obtain the permission of the Trial Judge to be absent from a trial. (*Barnett* v. *Russell,* 299 Ky. 242; *State* v. *Johnson,* 82 Kan. 450.) The orderly administration of a trial requires this. The Trial Judge '' must have the power at all times to keep the prisoner within sight of the court, the jury, the counsel and the witnesses.'' (*People* v. *Gardner,* 144 N. Y. 119, 128.) Therefore, the refusal of the trial court to grant the motion of the defendant to remain outside the courtroom was not an abuse of discretion, or a denial of a statutory or constitutional privilege.

Appellant's second point has merit. In the course of moving to dismiss the indictment on several grounds prior to sentencing, the defense counsel submitted three affidavits to the trial court, which stated, first, that every prospective juror was asked on the *voir dire* whether he had any connection with or was a member of a law enforcement agency; second, that one particular juror failed to reveal such a connection; third, that this juror was actually '' a member of the Civil Defense Auxiliary Police, attached to the West Seneca Police '' and fourth, that the defense would have excused this juror had this fact been known to it. Defense counsel requested further time to explore the matter, but this request was denied. The trial court thereupon imposed sentence. No answering affidavits were submitted by the prosecution until after the motion for a hearing was denied.

Counsel are entitled to truthful answers to the questions which they propound on the *voir dire.* Although false answers at such time about inconsequential matters do not necessarily disqualify a juror (*Sturrock* v. *State,* 229 Ind. 161; *Smith* v. *State,* 105 Tex. Cr. 104), it is a matter which must be closely scrutinized to determine if any of defendant's rights have been impaired thereby. Defendants are entitled to a full and fair disclosure of facts. It is only when they are armed with knowledge of the facts that they can determine whether to accept or reject a juror. If the prosecution had submitted answering affidavits sufficient to challenge the movant's statements at the time the trial court disposed of the motion, the trial court might have been justified in denying a hearing on the issues raised thereby. (*People* v. *Rosen,* 251 App. Div. 584, affd. 275 N. Y. 627.) Since on the motion it was uncontroverted that the juror did not reveal that he was a member of an auxiliary police force,

we think further proof should be taken by affidavit or oral testimony in order that the trial court, before passing on the merits of the application for a new trial, and this court, shall be fully informed as to all the circumstances relating to the questioning on the *voir dire* as it pertained to the particular juror.

The final determination of this appeal will be withheld so that the defendant may promptly renew in the Supreme Court, Erie County, the motion for a new trial, upon affidavits and notice to the District Attorney, as limited by the *Per Curiam* opinion herein. This is in accord with our practice. (*People* v. *Durling,* 303 N. Y. 382.)

CONWAY, Ch. J., DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur; DYE, J., taking no part.

Final determination of appeal withheld, etc.