■ In the Matter of ALBERT G. GLASS, Petitioner, against ARTHUR MARKEWICH, as Justice of the Supreme Court, et al., Respondents.— Application, pursuant to article 78 of the Civil Practice Act, for an order prohibiting respondents from proceeding further with petitioner's trial in the Supreme Court, Suffolk County, Extraordinary Term, under an indictment accusing him of conspiracy and violation of section 1822 of the Penal Law, denied, without costs. No answer has been served by respondent Rigney, although he has submitted an affidavit and excerpts from the minutes of petitioner's trial in opposition to the application. A motion to dismiss has been made on behalf of respondent, Mr. Justice MARKEWICH, pursuant to section 1293 of the Civil Practice Act, but no request has been made for permission to serve an answer, if the motion is denied. We assume therefore that it is the desire of the parties that a determination be made on the basis of the papers submitted. The petition states that the trial has now been proceeding since April 21, 1958, and that motions for a severance (a codefendant is also on trial) and for a mistrial have been made and denied. Petitioner has been informed by physicians whom

he consulted that continuance of the trial would be dangerous to his health and life, and physicians consulted by the court have likewise reported that it would be dangerous for petitioner to testify in court and probably also dangerous for him to appear in court if he is put under emotional stress and strain. No evidence was adduced that petitioner's condition would improve in the future. The petition also states that petitioner has been advised by his attorney that it will be necessary for him to testify, that he has a constitutional and statutory right to testify, and that he must now risk his life or risk the loss of a constitutional right by failure to be present in court to assist in and present his defense. On argument, however, we have been informed that the trial is now completed insofar as the introduction of evidence is concerned, and that petitioner has not been called to the stand. Apparently, in denying petitioner's motions, Mr. Justice MARKEWICH was influenced to a considerable extent by activities on the part of petitioner which had come to his attention and statements theretofore made by petitioner which were inconsistent with his present claim, and with the history of his ailment which petitioner had presumably given to one of the physicians who reported his condition to the court. Apparently, also, such precautions as have been recommended for petitioner's safety, short of discontinuance of the trial, have been taken and will continue to be taken, and it now appears to be possible, in view of the present status of the trial, to take additional precautions (see *People* v. *La Barbera,* 274 N. Y. 339; *People* v. *Winship,* 309 N. Y. 311, 313, 314). Determination as to what course should be followed under the circumstances involves a grave responsibility, but the matter is one which rests at present at least within the discretion of the trial court. We are unable to say on the record presented that the court is acting or will act without or in excess of jurisdiction. Motion to dismiss petition denied, without costs. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.