THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN WESLEY HUGGLER, Appellant.

Third Department, January 22, 1976

*David Cohen* for appellant.

*Emanuel Gellman, District Attorney (Henri Shawn* of counsel), for respondent.

LARKIN, J. On March 14, 1974, at 9:15 P.M., a man entered Dutch's Bar in Rock Hill, Sullivan County, New York, and announced "this is a stick-up". He pointed a gun at the barmaid and ordered her to give him all the money in the cash register. Upon her compliance, he fled. He was in the bar for about five minutes during which time the bar was also occupied by the barmaid and three other persons. Approximately one hour later, the defendant was brought to the scene of the crime in handcuffs and accompanied by police officers. All four witnesses then identified the defendant as the perpetrator. Defendant was permitted to waive his appearance at the first *Wade* hearing, during which the prosecution called one of the witnesses, but his application to waive a personal appearance at a second hearing, held to elicit testimony from the three remaining prosecution witnesses, was denied. After defendant's application to suppress the identification testimony of all four witnesses was denied, he entered a plea to robbery in the second degree. Defendant raises two substantial issues on this appeal: (1) the trial court erred in denying the motion to suppress the identification testimony and, (2) the trial court erred in refusing to allow him to waive his appearance at the continuation of the *Wade* hearing.

Defendant's argument in regard to the identification testimony is essentially that the presentation of his person to the witnesses at the scene of the crime, under the circumstances

above set forth, was so unnecessarily suggestive and so tainted future identifications that the entire testimony of the four witnesses should have been suppressed. We disagree. "[A] claimed violation of due process of law in the conduct of a confrontation depends upon the totality of the circumstances surrounding it" *(Stovall v Denno,* 388 US 293, 302). "[I]t is now settled law that prompt on-the-scene confrontation is 'consistent with good police work' * * * [citation omitted] and does not offend the principles established in United States v. Wade, 388 U.S. 218" *(United States ex rel. Cummings v Zelker,* 455 F2d 714, 716, cert den 406 US 927). A "one-man showup" near the time of the alleged crime tends to insure accuracy (Bates v United States, 405 F2d 1104). Additionally, and quite significantly, such procedure will help to insure " 'the immediate release of an innocent suspect and at the same time [to] enable the police to resume the search for the fleeing culprit while the trail is fresh' " *(United States v Sanchez,* 422 F2d 1198, 1200).

Our examination of the *Wade* hearing testimony leads us to conclude that the People met their burden of proving by clear and convincing evidence that the identification testimony they intended to introduce at the trial was based upon a source completely independent of the said post-crime identification. Each witness so testified and it appears that defendant was in their presence for five minutes in a well lighted area during the commission of the crime. There were no discrepancies between the description given by the eyewitness and defendant's actual description, the witnesses did not fail to identify defendant on a prior occasion and the lapse of time between the alleged act and the identification was only about one hour (see *United States v Wade,* 388 US 218).

Defendant also claims that the trial court erred in refusing to allow him to waive his appearance at the second part of the *Wade* hearing. CPL 260.20 provides that "a defendant must be personally present during the trial of an indictment". The definition of "trial" is broad enough to include, for this purpose, evidentiary hearings on motions to suppress evidence *(People v Anderson,* 16 NY2d 282). "The statute's purposes are two: to prevent the ancient evil of secret trials *(People v. Thorn,* 156 N.Y. 286) and to guarantee the defendant's right to be present at all important stages of his trial" *(People ex rel. Lupo v Fay,* 13 NY2d 253, 256). Because the statute is designed for the protection of the defendant, our courts have

interpreted the mandatory language of CPL 260.20 to allow the defendant to waive such personal appearance *(People v Epps,* 37 NY2d 343). This right to waive the Sixth Amendment right to be present applies to every stage of the trial *(People v Johnson,* 45 AD2d 1030).

We see no reason why a defendant should not be allowed to waive his right to personally appear at a *Wade* hearing. The purpose of such hearing is to determine whether the identification testimony which the People plan to introduce is based upon an illegal confrontation or whether it is based upon a proper and independent source *(United States v Wade, supra).* As pointed out by defendant, the *Wade* hearing itself may be highly suggestive and the presence of the defendant, easily recognizable in the courtroom, may serve to buttress a prior showup or lineup. By the time of the trial, the witness may very well have picked out the defendant on not one, but two highly suggestive occasions. We hold that a defendant may waive his right to personally appear at a *Wade* hearing, provided that such right has been relinquished knowingly, voluntarily and intelligently.

Our conclusion that the trial court erred in compelling defendant's presence at the second *Wade* hearing does not impel us to a decision that this conviction should be overturned. As pointed out above, our examination of the record reveals that the on-the-scene confrontation which is the subject of defendant's complaints was proper and that, in any event, the identification testimony at the *Wade* hearing was based upon the independent recollections which the four eyewitnesses had of the night of the crime. Under these circumstances, the failure of the trial court to allow the defendant to absent himself from the second part of the *Wade* hearing was harmless error *(Chapman v California,* 386 US 18; *People v Crimmins,* 36 NY2d 230).

We find the defendant's other contentions to be without merit.

The judgment should be affirmed.

GREENBLOTT, J. P., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment affirmed.