## (February 26, 1976)

■      THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA BARRETT, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered December 17, 1974, upon a verdict convicting defendant of the crime of robbery in the third degree. Defendant raises three issues on this appeal: (1) the defendant's guilt was not proven beyond a reasonable doubt, (2) the identification was improper, and (3) the sentence was excessive. The defendant was arrested during the early morning hours of July 12, 1974 following the alleged robbery and beating of Hubert Thornton in the vicinity of South Street in Glens Falls. It is undisputed that after receiving several hundred dollars upon the settlement of the estate of his father, Mr. Thornton spent much of his time during the day prior to the incident in question in various bars. At Sandy's Bar and Grill he met the

defendant and bought her a drink and some food. They left together and went to the rear of the building where, in the parking lot near the former Atlantic and Pacific building, Mr. Thornton was struck on the head and relieved of his money. When asked on direct examination what happened after he fell down, the victim testified that "she [the defendant] said help me take the money" and that defendant put her hand in his pocket to take his money. We find no reason on this record to disturb the finding of the jury that the guilt of defendant was established beyond a reasonable doubt. Defendant's claim that she was the victim of an improper identification is also without merit. After the defendant had been apprehended, Mr. Thornton was brought to the scene of the arrest by two officers where he made an identification. We note that Mr. Thornton was in defendant's presence for several hours immediately prior to this on-the-scene confrontation and that there is no indication in this record that he had any trouble identifying her. Under such circumstances, a prompt, on-the-scene confrontation, such as took place herein, is consistent with good police work, insures accuracy and protects innocent suspects (People v Smith, 38 NY2d 882; People v Blake, 35 NY2d 331, 336–337; People v Huggler, 50 AD2d 471). Upon her conviction of robbery in the third degree, a Class D felony, defendant was sentenced to an indeterminate term of imprisonment not to exceed seven years. The imposition of a sentence is a matter within the sound discretion of the trial court and we find no reason in this record why the sentence herein should be disturbed. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.