■ In the Matter of THE LEGAL AID SOCIETY OF THE CITY OF NEW YORK et al., Petitioners, v HAROLD ROTHWAX et al., Respondents.—Application for an order in the nature of a writ of mandamus granted, the motion to dismiss denied, without costs or disbursements. Petitioners, by this original article 78 proceeding, seek to compel respondent to permit petitioners to withdraw as counsel to a defendant in a criminal action. Respondent moves to dismiss the proceeding. The application to relieve petitioner of representation of the defendant should be granted. Petitioner has been threatened with bodily harm by defendant if petitioner, a representative of the Legal Aid Society, continues as counsel for the defendant. Counsel states that she fears a physical assault and the court has acknowledged her fears are justified. However, the trial court refused to substitute other counsel, ignoring defendant's antipathy toward any member of the society. It should be obvious that counsel cannot continue to communicate with and advise the defendant when proximity would provoke assault and cause physical harm to counsel. Although in most cases an appellate court will not interfere with a trial court's "grave responsibility" to determine the course to be followed in meeting trial problems (Matter of Glass v Markewich, 6 AD2d 793), the circumstances here require appellate intrusion. In Glass (supra), the Trial Justice, confronted with the dilemma of proceeding with the trial of an indictment where it was questionable that the defendant suffered from a heart disability, took precautionary measures to safeguard defendant's health. Here, counsel contends that she is in fear for her safety and well-being and accordingly cannot adequately represent the defendant. The record supports her claim. The defendant has already assaulted Legal Aid counsel in a previous case and now threatens repetitive misbehavior. Counsel, as one of the officers of the court, is required to be obedient to the lawful orders of the court. The court has the concomitant duty to protect its officers. This duty embraces the obligation not to subject counsel to unnecessary personal risk. Defendant has the right to be represented by counsel despite his misbehavior, although he has no right to designate the counsel to be appointed for him (People v Medina, 44 NY2d 199). But the right to counsel in a criminal case is not unlimited. Gideon v Wainwright, (372 US 335), and its progeny (Scott v Illinois, 440 US 367; Argersinger v Hamlin, 407 US 25) do not hold that a defendant must have counsel in all circumstances. A defendant may by his conduct waive the constitutional right to counsel just as a defendant may forfeit his constitutional right to be present in the courtroom (see Illinois v Allen, 397 US 337). An obvious option open to the trial court was the assignment of counsel other than from the Legal Aid Society. The court's fear that by so doing its authority would be undermined, is, in these circumstances, groundless. In refusing to exercise its option the court failed in its obligation to petitioner and to the defen-

dant. The application by petitioner should have been granted. Concur— Birns, J. P., Fein and Lane, JJ.

Bloom, J., dissents in a memorandum as follows: Petitioners, by this original article 78 proceeding, seek to compel respondent to permit petitioners to withdraw as counsel to a defendant in a criminal action. Respondent moves to dismiss the proceeding. It is undisputed that the defendant struck an attorney, associated with petitioner Legal Aid Society, who had been assigned to defend him in a totally unrelated proceeding. Moreover, he has made comments which petitioner, Mullane, also associated with the Legal Aid Society, who has been assigned to defend him in this proceeding, regards as intimidating. In the face of the events here presented, the obligation confronting the trial court is a serious one. He must balance calendar requirements and the need for expeditious disposition against constitutional demand of a fair trial and the need to safeguard the physical safety of counsel. Nevertheless, while "Determination as to what course should be followed under the circumstances involves a grave responsibility * * * the matter is one which rests at present at least within the discretion of the trial court. We are unable to say on the record presented that the court is acting or will act in excess of jurisdiction" *(Matter of Glass v Markewich,* 6 AD2d 793, 794). Accordingly, I would deny the application and grant the motion to dismiss.