OPINION OF THE COURT
Gerald Adler, J.
The defendant was arrested in the early part of 1978, and indicted for three crimes involving robbery in the first degree. The first occurrence took place on October 10, 1977, and the later occurrence took place on October 18, 1977. All three events were at a hotel located at 8315 Fourth Avenue in the County of Kings.
By order of this court, the defendant has been granted an identification hearing (United States v Wade, 388 US 218).
The District Attorney has made oral application for an order directing that the defendant, Donald Bowen, be shaved of his beard and moustache, prior to his appearance at the Wade hearing. It is asserted that the defendant at the time of the commission of the crimes, was observed and was then clean shaven and without a moustache. The defendant has appeared before this court on quite a number of occasions in a clean shaven manner. Recently it became apparent to the *1035 court and counsel that the defendant had grown a very handsome beard and moustache. The defendant is approximately 48 years of age and it is the court’s observation that the hirsute adornment has made him look much older and also quite dignified. This is not to imply that he did not make a very impressive appearance without the well-cultivated beard.
The District Attorney’s basis for this application is that the respondent’s facial growth acts as a disguise which will make identification difficult, if not impossible. The defendant argues that the purpose of the Wade hearing is not to have an in-court identification for the benefit of the hearing Judge, but primarily to have the court pass upon the issue of "taint” in the identification procedures, and also to elicit evidence on the issue of independent source. He likewise argues, quite reasonably, that the defendant need not be present if he so elects during the course of this hearing. (People v Huggler, 50 AD2d 471.)
The purpose of the Wade hearing does not have as its object a display of defendant’s features for the purposes of identification. The issue before this court is very different from a compulsory lineup, and the viewing of the face of the defendant during the Wade hearing is not necessary from an evidentiary point of view in order for the court to arrive at its determination, since defendant’s present facial characteristics have nothing to do with the identification procedures which had preceded the pending hearing.
The motion is denied.