■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RHEUBOTTOM, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Kriendler, J.), rendered October 29, 1979, convicting him, of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Douglass, J.), dated June 17, 1983, which, after a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

Under the circumstances of this case, it cannot be said that the trial court abused its discretion in denying the defendant's motion to proceed *pro se,* as he was equivocal in asserting his right to so proceed *(see, People v Smith,* 68 NY2d 737, *cert denied* — US —, 107 S Ct 444; *People v McIntyre,* 36 NY2d 10). Moreover, the assigned counsel provided the defendant with effective representation *(see, People v Been,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137).

Although a defendant may waive his presence at the trial *(see, People v Epps,* 37 NY2d 343, *cert denied* 423 US 999), the People, nevertheless, have "the right to require his presence for the purpose of identification by its witnesses" *(People v*

*Winship*, 309 NY 311, 313-314). Thus, the refusal of the trial court to grant the defendant's motion to remain outside the courtroom did not constitute an abuse of discretion or a denial of his statutory or constitutional rights *(see, People v Winship, supra)*.

The court correctly determined that the prosecutor did not knowingly introduce perjured testimony at the trial, and thus properly denied the defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10.

The defendant's remaining contentions, including those raised in his *pro se* brief, are without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.