■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Ritter, J.), rendered February 25, 1981, convicting him of sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that although he chose to waive his presence at trial the trial court impermissibly compelled him

to be present during the complainant's identification testimony. As this court has recently reiterated in *People v Rheubottom* (131 AD2d 790, 791, *lv denied* 70 NY2d 716): "Although a defendant may waive his presence at the trial *(see, People v Epps,* 37 NY2d 343, *cert denied* 423 US 999), the People, nevertheless, have 'the right to require his presence for the purpose of identification by its witnesses' *(People v Winship,* 309 NY 311, 313-314). Thus, the refusal of the trial court to grant the defendant's motion to remain outside the courtroom did not constitute an abuse of discretion or a denial of his statutory or constitutional rights *(see, People v Winship, supra)*". Accordingly, the trial court's decision to require the defendant's presence at that juncture of the proceedings was proper.

The defendant also contends that the trial court improperly denied his request to submit to the jury the charge of consensual sodomy as a lesser included offense of sodomy in the first degree. The consensual sodomy statute was declared unconstitutional prior to the trial in this case *(see, People v Onofre,* 51 NY2d 476, *rearg denied* 52 NY2d 1072, *cert denied* 451 US 987). Therefore, the trial court properly refused the defendant's request inasmuch as consensual sodomy was no longer a crime at the time of trial.

We note, furthermore, that the trial court did not abuse its discretion with respect to the sentence *(see, People v Suitte,* 90 AD2d 80). Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.