■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KAMINSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered July 8, 1987, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record does not support the defendant's contention that the prosecution improperly withheld exculpatory evidence pertaining to a photographic identification procedure. On September 26, 1986, the complainant was robbed while leaving a subway platform in Brooklyn. Prior to making positive lineup and in-court identifications of the defendant as the person who robbed her, the complainant had looked through approximately 200 "mug shots". She selected a photograph of

an individual who, in her opinion, resembled her assailant, but she indicated that she was not sure. Because of the complainant's equivocation, no action was undertaken by the police with respect to the possible photographic identification. The complainant subsequently made a positive identification of the defendant during a lineup conducted after his arrest for a similar robbery along the same subway line.

The complainant's equivocal selection of a photograph did not constitute a positive identification and the exculpatory nature of this evidence, if any, is highly speculative *(see, People v Fappiano,* 139 AD2d 524). Moreover, the written report of this equivocal photographic identification was apparently lost prior to the defendant's arrest and therefore it was never known or available to the prosecution *(see, People v Prendergast,* 118 AD2d 602). In addition, defense counsel aggressively cross-examined the complainant about her prior attempts to make a photographic identification and he called as a defense witness the police officer who oversaw these attempts *(see, People v Cortijo,* 70 NY2d 868). Thus, under the circumstances, the defendant sustained no significant prejudice from the loss of the report in question *(see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.