■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TAYLOR, Appellant.—Judgment of the Supreme Court, New York County (Eve Preminger, J.), rendered February 10, 1988, which convicted defendant, after a jury trial, of two counts of attempted burglary in the second degree, and one count of possession of burglar's tools, and sentenced him, as a persistent violent felony offender, to three concurrent indeterminate terms of imprisonment of from six years to life, unanimously affirmed.

The arguments concerning the court's statement regarding the defendant's wish to make a statement as to his absence the day before and his allegedly unsolicited "no inference" charge are meritless. As the record clearly shows, the court's initial statement concerning the defendant's absence was requested by the defendant himself. The statement by no means indicated that the defendant would testify and, thus, it cannot be deemed a violation of his right to remain silent.

The defendant's arguments concerning his request to relieve counsel are also unpersuasive. Viewed in their proper context defendant's threats to assault his attorney's supervisor were part of a contrivance to obtain a last-minute substitution of counsel. Equally spurious was the defendant's disingenuous request to proceed *pro se.* That request, as well as the applica-

tion for new counsel, appears to be nothing more than a tactical maneuver to delay the completion of the hearings and trial *(see, Matter of Legal Aid Socy. v Rothwax,* 69 AD2d 801 [1st Dept 1979]).

We have considered the remainder of the defendant's contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.