■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CLOSURE, Appellant. [609 NYS2d 470] —Judgment unani-

mously affirmed. Memorandum: The record is sufficient to support the finding that defendant knowingly, voluntarily, and intelligently waived his right to be present at a portion of a *Wade* hearing *(see, United States v Wade,* 388 US 218). Defendant's reliance upon *People v Brockenshire* (197 AD2d 921, *lv denied* 82 NY2d 848) and *People v Gaines* (144 AD2d 941) is misplaced. In those cases, defendant was not present for a pretrial hearing and the court, without any inquiry, relied upon defense counsel's purported waiver of defendant's presence. Here, defendant was present with counsel for the testimony of three witnesses. When the prosecutor announced her intention to call a witness who had had only a brief prior opportunity to view defendant, defense counsel informed the court that he had discussed the matter with defendant and that defendant desired to waive his right to be present during the testimony of that witness. Defense counsel agreed with the prosecutor's statement that defendant wished to waive his right to be present in order to prevent the witness from having "further opportunity to view him at this time". Defendant then left the courtroom for the duration of that witness' testimony, returning for the testimony of the next and final witness. Given those circumstances, we conclude that defendant effectively waived his right to be present. (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 1st Degree.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.