■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCIE FREEMAN, Appellant. [609 NYS2d 721] —Judgment unanimously affirmed. Memorandum: The record adequately supports the conclusion that defendant knowingly, voluntarily, and intelligently waived his right to be present at portions of the pretrial *Wade*-probable cause hearing *(see, United States v Wade,* 388 US 218). Defendant was present for the testimony of the witnesses on the probable cause issue, but was not in the courtroom for the testimony of the identification witnesses. The colloquy between defense counsel and Supreme Court demonstrates that the decision that defendant waive his presence at the *Wade* portions of the hearing was a strategic one to prevent eyewitnesses from reinforcing their recollections by viewing him at the hearing *(see, People v Closure,* 202 AD2d 985 [decided herewith]; *cf., People v Huggler,* 50 AD2d 471, 473-474).

We agree with Supreme Court's conclusion that the police had probable cause to arrest defendant; consequently, his motion to suppress the fruits of the arrest was properly denied. Finally, we conclude that Supreme Court was under no duty to conduct an inquiry on defendant's failure to testify (*see, People v Fratta,* 83 NY2d 771). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.