FOURTH DEPARTMENT, APRIL, 1994

(April 15, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID F. COLLINS, Appellant. [611 NYS2d 377] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree arising out of the armed robbery of a gas station convenience store in Camillus on November 25, 1990. A few days after the robbery, the store clerk observed a photograph of defendant in an article in a Syracuse newspaper concerning an unrelated robbery and called the police. Defendant was subsequently arrested on the robbery charge. The store clerk identified defendant at trial as the man who had robbed her.

At the *Wade* hearing *(see, United States v Wade,* 388 US 218), it was revealed that, before she saw defendant's photograph in the newspaper, the store clerk was shown a photo array that contained a 10-year-old photograph of defendant. She was unable to identify anyone from the array. A second array was shown to the store clerk from which she was unable to identify anyone. The store clerk testified that the second array was the same as the first, but the investigator in charge of the procedure testified that it was a different array that did not contain a photo of defendant.

The investigator's written reports of the two photographic identification procedures were lost and, despite efforts to locate them, were not available for use at the *Wade* hearing or at trial. Supreme Court denied defendant's motion for an adverse inference charge. On appeal, defendant argues that reversal is required because Supreme Court failed to impose a sanction. When *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) is lost because the People did not use due care to protect it "and defendant is prejudiced by their mistake, the court must impose an appropriate sanction" *(People v Martinez,* 71 NY2d 937, 940; *see also, People v Wallace,* 76 NY2d 953, 955). We conclude that defendant failed to demonstrate that he was prejudiced by the loss of the reports. The investigator testified that the reports reflected only the fact that the victim failed to identify anyone from either array. They did not contain statements or comments by the store clerk or the investigator's observations about the store clerk. The fact that the store clerk failed to identify defendant's photograph from an array was fully ex-

plored during cross-examination of the store clerk and the investigator. Moreover, defense counsel was given considerable leeway to cross-examine the investigator concerning the loss of the reports and to comment about their loss on summation. Under those circumstances, we conclude that Supreme Court was not obligated to impose a sanction *(see, People v Torres,* 179 AD2d 696, 697, *lv denied* 79 NY2d 1008; *People v Kaminski,* 156 AD2d 471, 472, *lv denied* 75 NY2d 869).

Defendant's collateral estoppel argument is not preserved for review *(see,* CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). Defendant was not denied effective assistance of counsel by counsel's calling an alibi witness whose testimony was later impeached *(see, People v Rose,* 57 NY2d 837, 839). Defendant failed to object to the prosecutor's impeachment of an alibi witness concerning her failure timely to bring her alibi evidence to the attention of the police, so that issue is not preserved for review *(see, People v Cruz,* 171 AD2d 607, 608, *lv denied* 78 NY2d 921; *People v Perez,* 159 AD2d 219, 220, *lv denied* 76 NY2d 740).

The argument concerning the existence and possible use of another photo array containing defendant's photograph is based upon matters outside the record *(see, People v Higgins,* 170 AD2d 621, *lv denied* 80 NY2d 832). Likewise, the argument that defendant was not given adequate notice of his right to appear before the Grand Jury is based upon material and information outside the record *(see, People v Larrabee,* 201 AD2d 924).

The record demonstrates that defendant voluntarily waived his presence at the *Wade* hearing *(see, People v Freeman,* 202 AD2d 988; *People v Closure,* 202 AD2d 985). The record supports the suppression court's conclusion that defendant's girlfriend voluntarily consented to a search of her apartment. Defendant was properly sentenced. Although the pre-sentence report was almost four months old and prepared for use in an earlier sentencing proceeding, Supreme Court was made aware of all relevant information concerning defendant since the preparation of the earlier report *(see, People v Schalk,* 198 AD2d 915; *People v Wilkinson,* 197 AD2d 872, 873, *lv denied* 82 NY2d 854). Defendant was given an adequate opportunity at sentencing to speak on his own behalf.

The conviction is supported by sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We have examined the remaining issues raised in counsel's brief and in the *pro se* supplemental brief

and find them lacking in merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.