■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MODZELEWSKI, Appellant. [611 NYS2d 22] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered January 13, 1993, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the close of the People's case, the defendant attempted to call as his first witness an attorney for his now deceased coperpetrator to question him with respect to a certain statement the coperpetrator had allegedly made to the attorney, exculpating the defendant as the individual who shot the complainant. Upon the defendant's offer of proof, the court, acting *sua sponte,* refused to allow the attorney to take the stand, on the basis that any communication in this vein was protected by the "attorney-client privilege", belonging solely to the coperpetrator, and the right to waive such privilege had ceased upon the coperpetrator's death.

The defendant contends that the trial court committed reversible error by precluding him from calling the attorney to the witness stand *(see, Jenkins v McKeithen,* 395 US 411, 429; *People v Gilliam,* 37 NY2d 722). We find that no error was committed, inasmuch as the defendant's offer of proof was insufficient to demonstrate that the communication was not protected by the attorney-client privilege *(see, e.g., People v Arroyo,* 77 NY2d 947, 948; *cf., People v Gilliam, supra; People v Thomas,* 140 AD2d 562, 564; *People v Forbes,* 87 AD2d 829; *People v McClinton,* 75 AD2d 900; *People v Hepburn,* 52 AD2d 958).

The defendant's remaining contentions with respect to the applicability of the attorney-client privilege or the waiver thereof regarding the communication in question, including those contained in his *pro se* supplemental brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Padro,* 75 NY2d 820, 821) and, in any event, without merit.

The defendant's contention that the trial court erred in denying his motion to absent himself from the courtroom during the testimony of one of the prosecutor's identification witnesses is also without merit *(see, People v Jackson,* 135 AD2d 831, 832; *People v Rheubottom,* 131 AD2d 790, 791; *see also, People v Lundquist,* 151 AD2d 505, 507). Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.