OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendants are charged with robbery and attempted rob *272 bery in the first, second and third degrees, grand larceny, criminal possession of a weapon in the fourth degree, criminal possession of stolen property, and criminal mischief. The charges arise from two alleged incidents, the first on April 2, 2000 at 1:00 p.m. and the second less than 12 hours later on April 3, 2000 at 12:20 a.m. This court granted pretrial hearings, including a hearing pursuant to People v Rodriguez (79 NY2d 445 [1992]), on the issue of the complainant’s prior familiarity with the defendants.
Just before the complainant was called to testify on the subject of his prior familiarity with the defendants, counsel asked that the defendants be excused from the courtroom during the testimony. The court began the allocution of the defendants about their waiver of the right to be present, but in the midst of the colloquy denied the request.
Counsel made a motion for dismissal of the indictment asserting that the right of the defendants to absent themselves from the courtroom was violated when the requests were denied to have the defendants out of the courtroom during the first time the complainant testified and further asserting that, as a consequence, the reliability of the complainant’s identification of the defendants was undermined.
A defendant has constitutional and statutory (CPL 260.20) rights to be present at trial “to the extent that a fair and just hearing would be thwarted by [the defendant’s] absence, and to that extent only.” (Snyder v Massachusetts, 291 US 97, 107-108 [1934], quoted in People v Morales, 80 NY2d 450, 453-454 [1992].) The right extends to “core segments” of the trial, including jury selection, introduction of evidence, summations and charge. (People v Rodriguez, 85 NY2d 586, 590 [1995]; People v Dokes, 79 NY2d 656, 659 [1992].) But there are exceptions and, for example, the defendant need not be present at legal argument (People v Dickerson, 87 NY2d 914, 915 [1996]), at a proceeding to determine the testimonial capacity of children (People v Morales, 80 NY2d at 455), at a charge conference or at the withdrawal of a motion to controvert prior findings of competency. (People v Williams, 85 NY2d 945, 947 [1995].)
Due process also requires a defendant’s presence at an ancillary proceeding whenever it would have “a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge,” or the “defendant has something valuable to contribute” (People v Rodriguez, 85 NY2d at 590), or a proceeding *273 is one involving factual matters about which the defendant has peculiar knowledge useful in advancing the defense position or rebutting the People’s case. (People v Dokes, 79 NY2d at 660.) Such proceedings include Ventimiglia and Sandoval hearings (People v Dokes, 79 NY2d at 658, 661), and hearings on pretrial suppression motions. (People v Anderson, 16 NY2d 282, 288 [1965].)
A defendant may waive his constitutional and statutory right to be present at any stage of the trial. (People v Epps, 37 NY2d 343, 348, cert denied 423 US 999 [1975]; People v La Barbera, 274 NY 339, 343-344 [1937].) And, as the defense argues, the Court in People v Huggler (50 AD2d 471 [3d Dept 1976]) held that if the defendant can waive his right to be present at trial there is “no reason why a defendant should not be allowed to waive his right to personally appear at a Wade hearing.” (Id. at 474; People v Foster, 200 AD2d 196, 203 [1st Dept], appeal withdrawn 83 NY2d 1002 [1994].)
However, just as there are proceedings to which the defendant does not have a right to be present, there are exceptions to the defendant’s unilateral right to be absent from proceedings. Of significance here, a defendant can be compelled to be present at trial for purposes of identification. (People v Scarola, 71 NY2d 769, 779 [1988]; People v Winship, 309 NY 311, 313-314 [1955].)
Winship takes note of the defendant’s right to be absent from the trial, as set out in La Barbera, and then explains the exception:
“A defendant must obtain the permission of the Trial Judge to be absent from a trial [citations omitted]. The orderly administration of a trial requires this. The Trial Judge ‘must have the power at all times to keep the prisoner within sight of the court, the jury, the counsel and the witnesses’ * * * [T]he refusal of the trial court to grant the motion of the defendant to remain outside the courtroom was not an abuse of discretion, or a denial of a statutory or constitutional privilege.” (309 NY at 314.)
The Winship principle is set out in Matter of Johnson v Torres (259 AD2d 370 [1st Dept 1999]) and is applied in People v Modzelewski (203 AD2d 594, 595 [2d Dept], lv denied 83 NY2d 969 [1994]; People v Lundquist, 151 AD2d 505, 507 [2d Dept], lv denied 74 NY2d 849 [1989]; People v Jackson, 135 AD2d *274 831, 832 [2d Dept 1987]; People v Rheubottom, 131 AD2d 790, 791 [2d Dept], lv denied 70 NY2d 716 [1987].)
The focus at a Rodriguez hearing (79 NY2d 445), like that at a trial, is whether a witness can identify the defendant. At a trial, the issue is whether the witness can identify the defendant as the person who committed the crime charged; at a Rodriguez hearing the issue is whether the witness can identify the defendant as a person about whom the witness had prior familiarity. It follows that if the ability to identify the defendant at trial requires the defendant’s presence, the ability to identify the defendant based on prior knowledge also requires the defendant’s appearance. Without seeing the defendant or a likeness, the witness would be unable to actually attach his prior knowledge of a person to the defendant. As at a trial, the defendant or a likeness, such as a photograph (People v Scarola, 71 NY2d at 779-780), must be in court for the identification.
The defense memoranda cite cases that mandate that the defendant be allowed to waive his appearance at a Wade hearing. (People v Foster, 200 AD2d at 202; Matter of Eric W., 182 AD2d 439 [1st Dept 1992]; People v Hubener, 133 AD2d 233 [2d Dept 1987]; People v Huggler, 50 AD2d at 473-474.) But the purpose of the Wade hearing is to determine whether the identification process is suggestive and the focus of the hearing is the circumstances of the prior police-arranged identification procedure in which the identification was made. Where the suggestiveness of the identification procedure is the paramount consideration at the hearing, the presence of the defendant is not necessary to resolve the issue and is itself a suggestive circumstance, adding to the danger of an unreliable identification. (People v Foster, 200 AD2d at 202.)
By contrast, at a Rodriguez hearing the issue is whether the witness can identify the person in court as the person with whom the witness is familiar, and where the witness has prior familiarity with the defendant there is “little or no risk” of a misidentification. (People v Rodriguez, 79 NY2d at 450; People v Tas, 51 NY2d 915, 916; People v Gissendanner, 48 NY2d 543, 552 [1979].) The defendant’s presence cannot produce an adverse consequence. In fact and law, the Rodriguez hearing is the antithesis of a Wade hearing: the first obviates the need for and makes irrelevant the second. Winship and Scarola articulate the rule appropriate to the Rodriguez hearing, just as they *275 do for the trial when there is a need to have the defendant available to be identified.*
Of course, if the prosecutor is incorrect in his claim of prior knowledge, the defendant is entitled to some appropriate remedy. But here, the presence of the defendants during the complainant’s testimony could have no effect on his identification of them. The record shows the complainant had numerous, almost daily, confrontations with the defendants for two and a half months in circumstances he was sure to remember proving there was prior knowledge. (See Matter of Eric W., 182 AD2d at 439; People v Clark, 155 AD2d 548, 549 [2d Dept], lv denied 75 NY2d 768 [1989]; People v Huggler, 50 AD2d at 472.)
The motion to dismiss is denied.

 The opinion in Foster also requires that the defendant be allowed to waive his right to be present at the independent source portion of the Wade hearing. That holding is inapplicable here because there was no independent source hearing requested or held. Further, where the independent source portion of the Wade hearing is necessitated by the use of a suggestive identification procedure, the factors to be weighed against the “corrupting effect of the suggestive identification” procedure are the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. (People v Foster, 200 AD2d at 199; see People v Williams, 222 AD2d 149, 153 [1st Dept], lv denied 88 NY2d 1072 [1996].) For the resolution of these issues, the defendant’s presence is not needed. (People v Foster, 200 AD2d at 198.)