Matter of Elijah W. (2006 NY Slip Op 26299)

Matter of Elijah W.

2006 NY Slip Op 26299 [13 Misc 3d 382]

July 21, 2006

Malave-Gonzalez, J.

Family Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Monday, November 20, 2006

[*1]
In the Matter of Elijah W., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Bronx County, July 21, 2006

APPEARANCES OF COUNSEL

Lisa H. Blitman, New York City, for respondent. Michael A. Cardozo, Corporation Counsel, New York City (Lisa Hirsch of counsel), for presentment agency.

OPINION OF THE COURT

Nelida Malave-Gonzalez, J.
The respondent moves for an order allowing the respondent to absent himself from the probable cause hearing where the complaining witness would testify and identify the respondent as the person who stole her property. The presentment agency opposes this motion asserting that respondent's absence from the courtroom would prevent them from sustaining its burden of establishing that the respondent is the person who committed the crime.

Question

Recently, in a case originally heard by this court, the Appellate Division, First Department, held that a respondent may knowingly, intelligently and voluntarily waive the right to be present at a fact-finding hearing. (Matter of Mabelin F., 28 AD3d 384 [1st Dept 2006]; see also People v Parker, 57 NY2d 136 [1982]; Matter of Arielle B., 17 AD3d 1056 [2005].) Conversely, a defendant is not able to absent himself from a trial where an identification by the witnesses is necessary. (People v Maldonado, 8 AD3d 208 [1st Dept 2004]; People v Winship, 309 NY 311 [1955].) However, the issue of an identification at trial is not before this court. The question before this court is whether the respondent may waive his right to be present at a pretrial probable cause hearing. While there has been several cases that have addressed a defendant or respondent's right to waive his presence at a trial or fact-finding, respectively, this court did not find any precedent in the context of a juvenile delinquency probable cause hearing. As such, this court considers this issue one of first impression.

Applicable Law and Analysis

[*2]At a probable cause hearing, the court must make a determination that it is reasonable to believe that a crime was committed and it is reasonable to believe that the respondent committed said crime. (Family Ct Act § 325.3.)
While there are varying reasons as to why a respondent may waive the right to be present at a pretrial hearing or trial, in the context of an identification proceeding, this decision is often strategic. (People v Freeman, 202 AD2d 988 [4th Dept 1994] [where the Court found that the defendant's decision to waive his presence at the Wade portions of the hearing was a strategic one to prevent eyewitnesses from reinforcing their recollections by viewing him in the hearing].)
In support of its motion, the presentment agency relies on People v Day (189 Misc 2d 271 [2001]). This court distinguishes People v Day where the defendant was compelled to be present at the Rodriguez hearing from the case at bar. The court in Day noted the difference between the pretrial Wade hearing and the pretrial Rodriguez hearing.[FN*]

The issue in the former being the undue suggestiveness of the police procedure in which the presence of the defendant is not necessary to resolve this issue and defendant's presence would be in itself suggestive. (People v Foster, 200 AD2d 196 [1994].) The issue in the latter being the prior familiarity of the complaining witness and the defendant which limits any risk of a misidentification (People v Rodriguez, 79 NY2d 445 [1992]). On the most basic level, Day is distinguishable from the case at bar in that here, the complaining witness and the respondent do not know each other and therefore the identification is not merely confirming a prior familiarity but rather it is an instance in which the respondent's identification would be suggestive, the equivalent of an on-the-scene showup subject to suppression. Further, this is a case where multiple respondent's were arrested, however, the respondent is the only respondent present at the probable cause hearing.
This court does not want to provide unsurmountable obstacles to the presentment agency's ability to sustain its burden at the probable cause hearing. Nor is this court willing to set a precedent enabling all criminal defendants to willfully absent themselves from proceedings without reason. (People v Maldonado, 8 AD3d at 209.) Simultaneously, this court does not want to deny the respondent any right to a fair fact-finding hearing. As such, this court cannot order the respondent's law guardian to stipulate to the identification which may very well be the issue of a pretrial suppression hearing as the case progresses. This court disagrees with the presentment agency that requiring the respondent to be present during the testimony of the arresting officer is insufficient to meet its burden. (Hirsch affirmation ¶ 11.) In fact, it is quite common to the presentment agency's presentation at a probable cause hearing, before this court, to only have the arresting officer testify based on the identification received and the arrest made. This court has repeatedly found it sufficient to satisfy the standard of Family Court Act § 325.3. The issue at the probable cause hearing is not whether the complaining witness can successfully identify the respondent, rather it is whether a crime was committed and whether the respondent committed the crime. This burden can be achieved without the complaining witness personally [*3]identifying the respondent at the pretrial probable cause hearing. The police officer may testify, after the complaining witness, that the respondent was the person arrested based upon the description of the complaining witness. This witness will testify not as to the identification but rather as to the probable cause for the arrest. As such, while this court holds that the respondent may knowingly, voluntarily and intelligently waive his right to be present during the testimony of the complaining witness at the probable cause hearing, the respondent is directed to be present during the testimony of the arresting officer.

Conclusion

Respondent's motion to knowingly, voluntarily and intelligently absent himself from the juvenile delinquency pretrial probable cause hearing is granted to the extent that the respondent may absent himself during the testimony of the complaining witness. Based on the foregoing, respondent is directed to be present during the testimony of the arresting officer.

Footnotes

Footnote *: United States v Wade, 388 US 218 (1967); People v Rodriguez, 79 NY2d 445 (1992).