■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE McALLISTER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 21, 1976, convicting defendant upon his plea of guilty to the crime of manslaughter in the first degree, and sentencing him to a term of imprisonment of 0 to 25 years. As the result of beating and kicking his wife to death, defendant was indicted for the crimes of murder in the second degree (Penal Law, § 125.25, subd 1) and manslaughter in the first degree (Penal Law, § 125.20, subd 1). On June 15, 1976, after lengthy plea bargaining during which defendant was represented by counsel, defendant pleaded guilty to manslaughter in the first degree in full satisfaction of the two-count indictment. The record is clear that at the time defendant entered his plea of guilty he understood that the murder indictment had a maximum punishment of life imprisonment, while the maximum sentence for the manslaughter charge was 25 years. Thus, it is clear that the court, by accepting the plea of guilty to the lesser crime in full satisfaction of all crimes charged, afforded the defendant that degree of mercy he alleges was denied him by imposition of the maximum punishment for the crime to which he pleaded guilty *(People v Ryan,* 38 AD2d 50). We find no merit to defendant's contention that the sentence imposed was excessive. It is within the discretion of a sentencing court to impose the maximum sentence for a lesser crime where, as here, the plea of guilty also disposes of a greater crime which mandates an even greater sentence. Judgment affirmed. Koreman, P. J., Greenblott, Mahoney, Main and Larkin, JJ., concur.