■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR COLON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered June 24, 1981, convicting him of attempted robbery in the third degree, upon a plea of guilty, and imposing a sentence of an indeterminate term of imprisonment of from two to four years.

Judgment affirmed. On May 18, 1981 the court accepted defendant's plea of guilty to attempted robbery in the third degree, in full satisfaction of the indictment, which had charged defendant with attempted robbery in the second degree and with resisting arrest, and in satisfaction of three misdemeanor charges then pending against him in the District Court. Defendant's allocution was sufficient to establish the crime of attempted robbery in the third degree (Penal Law, §§ 160.05, 110.00), and the court did not act improperly in accepting his plea of guilty. In his allocution, defendant stated that he told the complainant that "If you don't give me the dollar, I'm going to take it" and admitted that he intended to take the dollar from the complainant forcibly if the arrival of the police had not prevented him from doing so (cf. *People v Serrano*, 15 NY2d 304; *People v Rizzo*, 246 NY 334). Furthermore, we are unable to find circumstances in this case which would warrant disturbing the discretion and judgment of the court in sentencing defendant to an indeterminate term of imprisonment of from two to four years (see *People v Finke*, 51 AD2d 1089; *People v Caputo*, 13 AD2d 861). Although the District Attorney recommended that defendant receive a sentence of an indeterminate term of incarceration of from one and one half to three years, defendant was apprised by the court that it had discretion to impose the maximum sentence and he entered his plea voluntarily (*People v Roman*, 84 AD2d 851). Moreover, where, as here, defendant has been permitted to plead guilty to a lesser charge in satisfaction of all the crimes charged, the imposition of the maximum sentence for the crime to which he pleaded guilty is not unjust (*People v McAllister*, 58 AD2d 712). Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.