■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE GRANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered May 4, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which sought to suppress identification testimony.

Judgment affirmed.

The charges against the defendant arose from the October 22, 1982 robbery at gunpoint of the complaining witness in the elevator of her apartment building. On November 18, 1982, after viewing many photographs for about three hours at the police precinct, the victim positively identified a photograph of the defendant as being that of her assailant. On December 6, 1982, after viewing six photographs in a photograph array brought to her home by a detective, she again identified the defendant.

Thereafter, on December 27, 1982, the defendant voluntarily went to the police station upon the request of a detective investigating the case. After being informed of the facts of the case and receiving his *Miranda* warnings, the defendant agreed to participate in a lineup and signed a card waiving his rights. The victim viewed the lineup and again selected the defendant as her assailant. The defendant was then arrested.

On this appeal the defendant contends that the trial court erred in not suppressing the identification testimony because the police improperly obtained a waiver of his rights prior to the lineup in the absence of counsel. He maintains that he was entitled to have an attorney present during the lineup because he was represented by counsel in a then-pending unrelated criminal action. We disagree. "The right to the assistance of counsel at corporeal identifications * * * arises only after the initiation of formal prosecutorial proceedings" *(People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846; *People v Robertson,* 109 AD2d 806, 807). Moreover, while a suspect's attorney may not be excluded from a lineup, there is no requirement that the police give notice of a pending investigatory lineup *(People v Hawkins, supra).* We note that the record does not indicate that the defendant informed the police that he was represented by counsel in a pending case, or that the police were aware of this fact. We agree with the hearing court that the photographic and lineup identification procedures were fairly conducted and not unduly suggestive.

We also find that there is no basis to disturb the jury's verdict. It was within the province of the jury to assess the credibility of the defendant's testimony and his alibi witness and to determine the weight to be given to the conflicting evidence *(see, People v Contes,* 60 NY2d 620; *People v Bigelow,* 106 AD2d 448).

Nor do we find any basis to disturb the sentencing court's determination to impose an indeterminate term of imprisonment of from 3⅓ to 10 years *(see, People v Colon,* 91 AD2d 641; *People v Suitte,* 90 AD2d 80).

The defendant's other contentions have been considered and found to be without merit. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.