■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILO MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 24, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

The defendant challenges the lineup identification made by three witnesses on the ground that, prior to the lineup, one of the witnesses could have communicated to the other witness a description of that which he was wearing. As this contention is purely speculative and unsupported by the hearing record, the defendant has not met his burden of proving that the procedure was unduly suggestive *(see, People v Jackson,* 108 AD2d 757).

The defendant also claims that his trial counsel was ineffective because he elicited testimony that two of the People's witnesses had allegedly observed the defendant shoot someone else one week prior to the incident at bar. However, it is clear from the record that the questioning sought to elicit that the witnesses had misidentified the defendant as having been involved in the prior shooting since his passport showed that he was not in the United States at that time *(cf., People v Baldi,* 54 NY2d 137). This line of questioning was clearly part of a strategy to establish that if these witnesses had incorrectly identified the defendant with respect to the first incident, they could have incorrectly identified him as the perpetrator of the instant crime. Thus, under the totality of the circumstances, counsel's eliciting the testimony does not constitute the ineffective assistance of counsel *(see, People v Baldi, supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.