■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL FISHER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered August 28, 1986, convicting him of murder in the second degree (three counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying his motion to suppress the lineup identification is without merit. The fillers in the lineup were "sufficiently similar in appearance to the defendant such that no characteristic or visual clue would have oriented the viewer towards selecting the defendant as a participant in the crime" *(People v Mason,* 123 AD2d 720), and the height discrepancy between the participants was satisfactorily dealt with by having them all remain seated for the lineup. Furthermore, there is no requirement that the defendant be surrounded in a lineup by individuals nearly identical in appearance *(see, People v Rodriguez,* 124 AD2d 611).

Also without merit is the defendant's contention that his guilt was not established beyond a reasonable doubt because the testimony of the only eyewitness was unreliable and unworthy of belief. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw

and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.