■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LUNDQUIST, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman,

J.), rendered April 5, 1988, convicting him of burglary in the second degree, assault in the second degree, resisting arrest, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Considering, as we must, the totality of circumstances surrounding the lineup identification (see, People v Green, 143 AD2d 768; People v Rodriguez, 124 AD2d 611), we find that the lineup was not impermissibly suggestive. The fillers in the lineup were sufficiently similar in appearance to the defendant so that no characteristic or visual clue would have oriented the viewer toward the defendant as a perpetrator of the crimes charged (see, e.g., People v Nurse, 142 AD2d 738; People v Mason, 123 AD2d 720, lv denied 69 NY2d 714). The law does not require that lineup fillers possess physical characteristics identical to those of the defendant but only that the fillers possess reasonably similar characteristics (see, e.g., People v Stephens, 143 AD2d 692; People v Fisher, 143 AD2d 1037).

Equally without merit is the defendant's contention that the evidence adduced at trial was legally insufficient to support his burglary and assault convictions. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find, based on the complainant's ability to see the defendant as he fled her home and her subsequent lineup identification, that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. We reject the defendant's contention that the evidence was legally insufficient to prove intent because the People failed to prove beyond a reasonable doubt that the jewelry found in the defendant's possession upon his arrest belonged to the complainant. The element of intent is subjective and, thus, may be inferred from the defendant's conduct and from the surrounding circumstances (see, People v Mackey, 49 NY2d 274; People v Miller, 149 AD2d 737; People v Rodriquez, 144 AD2d 501). In the matter before us a reasonable juror could infer the defendant's criminal intent from the signs of forced entry, i.e., the back door which had been taken off its hinges, and the evidence that the complainant's jewelry box had been ransacked and items taken therefrom. Proof of possession of the fruits of the crime was not required to sustain the burglary conviction.

We further reject the defendant's claim that the evidence adduced was legally insufficient to establish that the police officer whom the defendant attacked suffered physical injury within the meaning of Penal Law § 10.00 (9) and § 120.05 (3), i.e., impairment of physical condition or substantial pain. The police officer testified that as a result of the defendant punching him his nose became reddened and bloody and he was in "[a] lot of pain" which caused him to be absent from work for two days. The pain persisted for a few days. The injury suffered in the attack prompted the police officer to seek medical treatment at a local hospital where his nose was X-rayed. The record supports the jury's finding that the police officer suffered the requisite physical injury (see, People v Greene, 70 NY2d 860; People v Bogan, 70 NY2d 860, rearg denied 70 NY2d 951; People v Esquilin, 141 AD2d 838; People v Singleton, 140 AD2d 388).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Nor do we find the trial court committed reversible error in compelling the defendant to appear in court for identification purposes or in ordering that he be restrained during his appearance. Although a defendant may waive his right to be present at the trial (see, People v Epps, 37 NY2d 343, cert denied 423 US 999), the People may demand that he be produced in the courtroom for identification by the prosecution witnesses (see, People v Jackson, 135 AD2d 831; People v Rheubottom, 131 AD2d 790, lv denied 70 NY2d 716). The record amply demonstrates a basis for ordering that the defendant be brought into the courtroom in leg irons. Despite the trial court's admonishments to the defendant that it would be in his best interest to cooperate and appear in court without restraints, he persisted in his violent outbursts and verbal abuse. Eventually eight court officers were required to produce the defendant. Under the circumstances, the restraints placed upon the defendant were consistent with reasonable security considerations and that security measure does not mandate reversal (see, People v Tedesco, 143 AD2d 155, 159).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.