■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 3, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony. By order dated June 6, 1988, this court held the appeal in abeyance and remitted the matter to the County Court, Nassau County, to hear and report on the defendant's speedy trial motion, and the appeal was held in the abeyance in the interim (141 AD2d 562). After a hearing on that issue, the County Court, Nassau County, has submitted its report to this court.

Ordered that the judgment is affirmed.

We find that the hearing court was correct in denying the defendant's motion to suppress the lineup identifications which the defendant contends were suggestive. We note that lineup identification stand-ins do not have to be identical in physical characteristics to the defendant but only reasonably similar *(see, People v Castillo,* 131 AD2d 495; *People v Gairy,* 116 AD2d 733). Although the stand-ins were substantially taller than the defendant, this was effectively hidden by the fact that all participants were seated and had sheets and smocks covering their bodies.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that, upon remittitur, the hearing court correctly denied the defendant's speedy trial motion.

We have considered the defendant's remaining contentions, including those raised in the defendant's original *pro se* brief, and supplemental *pro se* brief and the propriety of his sentence, and find them to be either unpreserved for appellate review or without merit *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.