■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT RUDOLPH, Appellant.—Judgment of the Supreme Court, New York County (Schlesinger, J.), rendered on or about May 14, 1987, convicting defendant, following a jury trial, of murder in the second degree and sentencing him to an indeterminate prison term of from 15 years to life, is unanimously affirmed.

On January 1, 1987, after celebrating New Year's Eve at the Rooftop Roller Disco, an assailant, subsequently identified as defendant herein, murdered the decedent during an attempted robbery. The decedent's friend witnessed the murder and relayed the perpetrator's description to the police. Two weeks later, a detective from the 32nd Precinct questioned decedent's friend who identified defendant as the murderer. The police thereafter brought defendant to the precinct for a lineup. Defendant randomly chose his lineup seat number. The decedent's friend identified defendant as the murderer. A *Wade* hearing was held before trial. Defendant contended that the lineup was unduly suggestive since two of the participants were much older than he. Additionally, he claimed that he was seated in a slouched position, directly facing the witness. The court denied the suppression motion and admitted the pretrial identification.

In addition to challenging the identification testimony, defendant argues that the prosecutor improperly cross-examined him with respect to collateral matters not raised on direct examination and that the People committed prosecutorial misconduct during summation by denigrating defendant's tes-

timony, by characterizing his story as a fairy tale, and by invoking the sympathy of the jury. However, an examination of the record does not establish that defendant was denied a fair trial. "The test to be used in determining the propriety of the pretrial identification is one of 'fairness' " *(People v Logan,* 25 NY2d 184, 191). There is no requirement that a defendant in a lineup be surrounded by people who are nearly identical to him *(People v Howard,* 130 AD2d 384, 385). While defendant was the youngest member of the lineup, that fact alone does not make the pretrial lineup unduly suggestive *(see, People v Gaddy,* 115 AD2d 658). Similarly, there is no evidence that the police positioned the defendant in a suggestive manner. To the contrary, the defendant chose his seat and position number. Moreover, the District Attorney was warranted in cross-examining defendant concerning his various suspensions from school since the defense raised this matter on direct examination. While the prosecutor did inappropriately play on the jury's sympathy and also improperly described the defense position as a fairy tale, the court issued curative instructions, and defendant did not further object *(see, People v Davis,* 58 NY2d 1102). Additionally, the prosecutor did not, in his summation, demonstrate a persistent, egregious course of conduct that was deliberate and reprehensible *(People v Sandy,* 115 AD2d 27, 28). In any event, in view of the overwhelming evidence of defendant's guilt, any errors were harmless *(People v Crimmins,* 36 NY2d 230, 237). Concur —Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.