■ The People of the State of New York, Respondent, v Bobby Faust, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at suppression hearing; Emily J. Goodman, J., at trial and sentence), rendered April 30, 1990, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him to concurrent terms of imprisonment of from 3 to 9 years, unanimously affirmed.

During a police canvass of the neighborhood, defendant was identified as the perpetrator of two robberies at a Bronx carpet store by two eyewitnesses who had had a good opportunity to observe him on both occasions. During the first robbery, and when arrested, defendant was wearing a hat. During the subsequent lineup, in which the participants all wore caps, defendant was identified by only one of the two store owners— the other made no identification.

The mother of defendant's girlfriend testified that at the time of the second robbery, and for two weeks thereafter, defendant had been painting her house. Defendant also called a witness who testified that during the month of the two robberies, she had dyed a blond patch into defendant's dark hair. The People's rebuttal witness testified that he was hired to put down carpeting and linoleum for defendant's girlfriend's mother during the same period of time that defendant claimed to have been painting her house, and denied observing any indication that a paint job was being done. The witness also said that he suffered from bronchial asthma and if he had smelled paint odors, he probably would have had an asthmatic attack.

The trial court properly denied defendant's motion pursuant to CPL 330.30 to set aside the verdicts, since trial courts lack jurisdiction to engage in independent fact finding to set aside a verdict as against the weight of the evidence (People v Carthrens, 171 AD2d 387) and there are no grounds requiring

reversal or modification as a matter of law on appeal. Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932) under the standards set forth in *People v Bleakley* (69 NY2d 490, 495), and giving due deference to the jury's findings of credibility *(supra; People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985), defendant's guilt was proved beyond a reasonable doubt by legally sufficient evidence, and the verdict was not against the weight of that evidence. The various contentions raised by defendant on appeal essentially are matters of credibility, as to which we find no basis to disturb the jury's conclusions.

Defendant has not carried his burden of demonstrating that the lineup was unduly suggestive *(People v Berrios,* 28 NY2d 361, 367) because his complexion was darker than that of the other participants. Nor was it error for the suppression court to refuse to require the People to produce a complaining witness at the hearing *(People v Chipp,* 75 NY2d 327, 334, *cert denied* — US —, 111 S Ct 99). Since the lineup procedure was proper, defendant had no right to inject an independent source issue into the hearing *(compare, People v Burts,* 78 NY2d 20). Finally, defendant's contention on appeal that the lineup was rendered unduly suggestive because the participants wore caps, thereby concealing a distinguishing blonde patch on defendant's head that would have exculpated him, was not raised before the suppression court. The issue is therefore unpreserved, and we decline to reach it in the interest of justice. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.