■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PARNELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 24, 1989, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction stems from the armed robbery of a Manufacturers Hanover Trust bank in Baldwin, on April 28,

1988. On appeal the defendant contends that the visual and voice lineup identifications by one of the tellers, who observed him through a window after he had exited the bank and removed his mask, should have been suppressed as unduly suggestive. We disagree.

There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(see, People v Allah,* 158 AD2d 605), and our examination of a photograph of the lineup reveals that the participants possessed physical characteristics which were sufficiently similar to those of the defendant. Nor does the defendant appear significantly older than the fillers.

The voice identification procedure was not rendered unduly suggestive merely because the defendant had occupied position number two in both the visual and voice lineups. Moreover, the defendant was represented by counsel throughout the identification process and chose his position with counsel's assistance. " ' "It contradicts normal experience and common sense to suppose that defense counsel would have remained silent if he had observed that the lineup was so constituted as to point the [witness] unfairly to his client" ' " *(People v Green,* 143 AD2d 768, 769, quoting *People v Adams,* 90 AD2d 1, 11).

The defendant also argues that the testimony of the police detectives, attributing certain statements to the defendant when he was confronted at his girlfriend's apartment several hours after the crime, constituted inadmissible hearsay. However, this contention was not properly preserved for appellate review *(see, People v Love,* 57 NY2d 1023; *People v Dordal,* 55 NY2d 954; CPL 470.05 [2]). In any event, these statements were not offered for the truth of their content, and, therefore, were not hearsay *(see,* Richardson, Evidence § 200 [Prince 10th ed]).

We have examined the defendant's remaining contention and find it to be without merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.