■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered September 4, 1991, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Considering, as we must, the totality of the circumstances surrounding the lineup identification *(see, People v Lundquist,* 151 AD2d 505; *People v Rodriguez,* 124 AD2d 611), we find that the lineup was not impermissibly suggestive. We note that lineup stand-ins do not have to be identical in physical characteristics to the defendant but need only be reasonably similar in appearance *(see, People v Lundquist, supra).* Although some of the stand-ins were taller and heavier than the defendant, this was effectively hidden by the fact that all of the participants were seated, minimizing the disparities in stature *(see, People v Jackson,* 151 AD2d 694).

Equally without merit is the defendant's contention that the evidence adduced at trial was legally insufficient to establish his identity as the perpetrator of a robbery. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find, based upon the complainant's ability to see the defendant prior to the commission of the robbery and his subsequent lineup identification, coupled with his identification of the defendant at trial, that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the testimony of the arresting officer improperly bolstered the complainant's out-of-court identification of the defendant in violation of *People v Trowbridge* (305 NY 471) is unpreserved for appellate review (CPL 470.05 [2]). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.