■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MENDEZ, Appellant.—Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered May 16, 1991, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's claim that the prosecutor's summation deprived him of a fair trial is unpreserved and we decline to consider it

in the interest of justice (CPL 470.05 [2]; *People v Moses,* 178 AD2d 109, *lv denied* 79 NY2d 922). Were we to consider the issue, we would find the claim to be without merit. The prosecutor's remarks accurately reflected the opinion testimony of the sexual abuse expert as elicited on cross-examination by the defense and repeated on redirect. The prosecutor's contention as to the reason for the mother's failure to immediately report her daughter's rape, while unsupported directly by the mother's own testimony was argument based upon legitimate inference drawn from other evidence in the record. In any event, it was an isolated remark, and, even assuming it to be improper, did not by itself render the trial unfair *(cf., People v Rudolph,* 161 AD2d 115, 116, *lv denied* 76 NY2d 795; *People v Contreras,* 108 AD2d 627, 629). Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.