■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JAMES, Appellant. [595 NYS2d 322] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 28, 1991, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JOSEPH, Appellant. [595 NYS2d 116] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered July 16, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the lineup identification was unduly suggestive because he was the heaviest of the participants. We find that, viewing the totality of the circumstances surrounding the lineup identification, and considering that all of the participants were seated during the viewing which effectively concealed any weight disparity, the lineup was not impermissibly suggestive (see, People v Lundquist, 151 AD2d 505; People v Jackson, 151 AD2d 694).

We find no merit to the defendant's remaining contention. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.