■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELTO CRUZ, Also Known as HECTOR CRUZ, Appellant. [632 NYS2d 102] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered September 13, 1991, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (*People v Acosta*, 80 NY2d 665, 672) and giving deference to the jury's credibility determinations (*People v Bleakley*, 69 NY2d 490, 495), defendant's guilt was proved beyond a reasonable doubt despite the inconsistent pre-trial statements by the victim's mother regarding whether defendant shot her son or was the accomplice who held her at gunpoint. The witness had the opportunity to view defendant at close range for several minutes in the hallway while she begged for her son's life. The witness identified defendant from a photo array, in a lineup and in court. Furthermore, her testimony was corroborated by two independent witnesses who, within days of the incident, overheard defendant boasting that he had killed a young man while his mother pleaded for her son's life.

There was no "substantial likelihood that the [22-year-old] defendant would be singled out for identification" in the lineup (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833), even though he was seated between two fillers who were 35 and 41 years old, where defendant looked older than his age, all of the participants had similar skin tones, hair color and casual clothing and defendant chose his own seat number. Nothing in the record suggests either that the witness had focused on the suspect's age prior to viewing the lineup, or that the police had deliberately "positioned the defendant in a suggestive manner" (*People v Rudolph*, 161 AD2d 115, 116, *lv denied* 76 NY2d 795; *see, People v Gonzalez*, 173 AD2d 48, 56, *lv denied* 79 NY2d 1001).

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find they are without merit. Concur—Sullivan, J. P., Kupferman, Nardelli and Williams, JJ.