■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIVENS CELESTIN, Appellant. [648 NYS2d 116] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered July 12, 1994, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree under Indictment No. 10744/93, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 12, 1994, revoking a sentence of probation previously imposed by the same court (Douglass, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous convictions of robbery in the first degree (two counts), robbery in the second degree, grand larceny in the fourth degree (two counts), criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree under Indictment No. 3504/92. The appeal under Indictment No. 10744/93 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and amended judgment are affirmed.

Under Indictment No. 10744/93, the defendant challenges the lineup identification made by three witnesses on the ground that, prior to the lineup, the witnesses could have communicated in the waiting room. As this contention is purely speculative and unsupported by the hearing record, the defendant has not met his burden of proving that the procedure was unduly suggestive (*see, People v Morales,* 134 AD2d 292; *see also, People v Lane,* 192 AD2d 1135).

Viewing the evidence under Indictment No. 10744/93 in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover,

upon the exercise of our factual review power, we are satisfied that the verdict of guilt under Indictment No. 10744/93 was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.