104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Michael MENDEZ, Petitioner-Appellant,
v.
SUPERINTENDENT, Adirondack Correctional Facility; G. Oliver
Koppel, Attorney General; District Attorney for
Bronx County, Respondents-Appellees.
 No. 96-2288.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Sweet, J.).
 APPEARING FOR PETITIONER-APPELLANT: APPEARING FOR RESPONDENTS-APPELLEES: ANDREW C. GREENE, Lake Success, NY. ROBERT T. JOHNSON, District Attorney, Bronx County, Bronx, N.Y. (BILLIE MANNING and ELIZABETH F. BERNHARDT on the brief).
 S.D.N.Y.
 AFFIRMED.
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 On May 16, 1991, following a jury trial before the Supreme Court of the State of New York, Bronx County (Wallace, J.), Michael Mendez was convicted of Rape in the First Degree, for raping his girlfriend's eight-year-old daughter. At that time, he was acquitted of charges of sexual abuse, menacing, and additional charges of rape, involving his girlfriend and her two pre-teenage daughters. On May 18, Mendez was sentenced to an indeterminate term of five to fifteen years imprisonment. He is currently incarcerated. Following unsuccessful direct appeals to the Appellate Division and the New York Court of Appeals, Mendez petitioned the Southern District of New York (Sweet, J.) for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition.
 
 
 1
 After Mendez was sentenced, he appealed his conviction to the Appellate Division, First Department. On appeal, he claimed that he had been denied a fair trial because in summation, the prosecutor commented twice on matters not in evidence. On January 14, 1993, the Appellate Division unanimously affirmed Mendez's conviction. People v. Mendez, 189 A.D.2d 651 (1st Dep't 1993).
 
 
 2
 The Appellate Division declined to consider Mendez's claim regarding the prosecutor's remarks on summation, because Mendez had not contemporaneously objected to the remarks. Although the Appellate Division rendered its decision on that procedural ground, it went on to comment that if it were to consider the claim, it would find it meritless. The New York Court of Appeals denied leave to appeal. People v. Mendez, 81 N.Y.2d 889 (1993).
 
 
 3
 On August 14, 1994, Mendez sought a writ of habeas corpus from the Southern District. In an Opinion dated February 13, 1996, the district court held that Mendez's claim was unexhausted, as he had not "fairly presented his federal claim to the state courts." See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye v. Attorney General of State of New York, 696 F.2d 186, 191 (2d Cir.1982) (in banc ). Specifically, the district court decided that the alleged impropriety of a prosecutor's remarks does not necessarily invoke any federal constitutional right, and that the record presented to the Appellate Division did not demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChrisotoforo, 416 U.S. 637, 643 (1973). In an Order dated February 20, 1996, the district court denied the writ. Mendez filed notice of appeal on March 11, and on April 1, 1996, the district court granted a certificate of probable cause.
 
 
 4
 On appeal, Mendez contends that federal review was preserved because he adequately raised a federal constitutional issue before the Appellate Division, and because the Appellate Division considered the merits of his constitutional claim, albeit in dictum. We conclude that Mendez did not exhaust his claim in the state courts, substantially for the reasons stated in Judge Sweet's Opinion of February 13, 1996.
 
 
 5
 The Superintendent argues that the district court erroneously granted a certificate of probable cause. A certificate of probable cause requires a "substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). However, this does not require that the individual seeking a writ show that he would prevail on the merits, given that "he has already failed in that endeavor." Id. at 893 n. 4. Instead, he must show that 1) the issues are debatable among reasonable jurists, 2) a court could resolve the issues differently, or 3) that the questions are "adequate to deserve recognition to proceed further." Id. We have found that "if a [district court] judge requires the respondent to answer [rather than summarily dismissing the case], he should normally allow the petitioner to appeal an adverse decision." Dory v. Commissioner of Correction in New York, 865 F.2d 44, 46 (2d Cir.1989). We believe that the district court properly granted a certificate of probable cause.
 
 
 6
 We have examined all of Mendez's contentions, and find them to be without merit. The judgment of the district court is AFFIRMED.