■ The People of the State of New York, Respondent, v Daytoine Shaw, Appellant. [677 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered March 19, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in failing to suppress the lineup identification testimony. While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see, People v Rotunno,* 159 AD2d 601; *People v Diaz,* 138 AD2d 728; *People v Mattocks,* 133 AD2d 89; *see also, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). Since the lineup participants in this case were similar to the defendant in age, skin tone, and attire, their weight and any minor variations in their appearance did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification (*see, People v Folk,* 233 AD2d 462). Moreover, any significant discrepancies in weight and height were eliminated by having the participants in the lineup seated, holding a card with a number in front of them (*see, People v Joseph,* 191 AD2d 646; *People v Wiley,* 137 AD2d 735; *People v Herrera,* 219 AD2d 511).

The defendant's remaining contentions are unpreserved for

appellate review and, in any event, without merit. Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.