■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE IRVING, Appellant. [680 NYS2d 549] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered January 6, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the lineup was not impermissibly suggestive. There is no requirement that lineup stand-ins be identical in physical characteristics to the defendant. They must only be reasonably similar in appearance (*see, People v Harris,* 187 AD2d 530). Although some of the stand-ins were taller, their height was effectively concealed by the fact that the participants in the lineup were seated (*see, People v Jackson,* 151 AD2d 694).

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his identity as the perpetrator is without merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Three eyewitnesses were able to see the defendant during the commission of the crime, subsequently identified the defendant at a lineup, and identified the defendant at trial. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed is not excessive (*People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.