■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. WALLACE, Appellant. [690 NYS2d 274] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered August 20, 1996, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The appellant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress identification testimony because the pretrial lineup viewed by two of the complainants was impermissibly suggestive. However, considering the totality of the circumstances surrounding the lineup identification (*see, People v Harris,* 187 AD2d 530; *People v Lundquist,* 151 AD2d 505), we find that the hearing court properly denied suppression. Although the fillers used in a lineup should be reasonably similiar in appearance to the appellant, there is no requirement that a defendant in a lineup be accompanied by individuals who are nearly identical to him in appearance (*see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Merisier,* 258 AD2d 535; *People v Cintron,* 226 AD2d 390; *People v Gelzer,* 224 AD2d 443). Here, the lineup participants were not noticeably different in age or skin tone, and had similar hairstyles and mustaches. Moreover, all of the participants were seated, to minimize disparities in weight (*see, People v Joseph,* 191 AD2d 646; *People v Harris, supra*), and the appellant was not the only participant wearing a dark sweatshirt.

Furthermore, the County Court did not improvidently exercise its discretion in granting the People's motion to consolidate the appellant's case with that of his codefendant (*see,* CPL 200.40 [2]). The proof against both defendants was supplied by the same evidence, and the defenses they asserted at trial did not irreconcilably conflict (*see, People v Mahboubian,* 74 NY2d 174; *People v Jackson,* 249 AD2d 564; *People v Pratt,* 201 AD2d 745). In addition, the quantity and quality of the evidence presented against the two defendants was not so substantially different that severance was necessary in order to preserve the appellant's right to a fair trial (*see, People v Irby,* 162 AD2d 714; *People v Moss,* 149 AD2d 740). Mangano, P. J., Santucci, Krausman and Feuerstein, JJ., concur.