■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BOLT, Appellant. [743 NYS2d 886] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 9, 2000, convicting him of murder in the second degree (six counts), attempted robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the lineup identification testimony. While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Valdez,* 204 AD2d 369; *People v Baptiste,* 201 AD2d 659, 660; *People v Rotunno,* 159 AD2d

601). Any minor variations between the weight, age, or features of the participants and those of the defendant in this case did not render the lineup impermissibly suggestive or conducive to irreparable mistaken identification (*see People v Shaw,* 251 AD2d 686; *People v Folk,* 233 AD2d 462). Moreover, any significant discrepancies in height were eliminated since the participants in the lineup were seated (*see People v Irving,* 254 AD2d 302; *People v Shaw, supra; People v Pinckney,* 220 AD2d 539; *People v Harris,* 187 AD2d 530).

The defendant's contention that the lineup was rendered unduly suggestive because the witness did not identify him until after the witness had left the viewing room was not raised before the hearing court, and therefore is unpreserved for appellate review (*see People v Neptune,* 193 AD2d 703, 704; *People v Faust,* 178 AD2d 352, 353). In any event, this contention is without merit as there is no evidence that law enforcement personnel influenced the witness in selecting the defendant after the witness had left the viewing room (*see People v Frawley,* 131 AD2d 504, 505).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.