THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL BARRETT, Appellant. [793 NYS2d 515]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 8, 2002, convicting him of robbery in the first degree (six counts) and attempted robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to trial, the defendant moved to suppress, inter alia, any identification testimony related to a lineup at which the defendant was identified as the perpetrator by four of the complainants. Although the defendant was present for the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), the only witness called to testify by either side was Detective Matthew Rottas, who supervised the lineup. He testified, inter alia, that during the lineup, the participants were seated. At the trial, two of the complainants testified that the lineup participants were standing for at least part of the time that they viewed it.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel due to his counsel's failure to move to reopen the suppression hearing based on the above-mentioned trial testimony of the complainants. The defendant was present at the hearing and was also present at the lineup. Therefore, the fact that the lineup may have been conducted with the participants standing was not an additional pertinent fact which the defendant could not have discovered before the determination of the motion. Thus, the defendant failed to show a proper basis for reopening the *Wade* hearing (*see* CPL 710.40 [4]). Since the defendant did not justify his failure to produce this evidence in a timely fashion, his trial counsel did not err in not moving to reopen the *Wade* hearing (*see* CPL710.40 [4]; *People v Johnson,* 209 AD2d 721 [1994]; *see also People v Henry,* 95 NY2d 563, 565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions either are unpreserved for appellate review or do not warrant reversal. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.