■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BROWN, Appellant. [849 NYS2d 639]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 20, 2006, as amended March 22, 2006, convicting him of scheme to defraud in the second degree, burglary in the second degree (three counts), burglary in the third degree, grand larceny in the fourth degree, petit larceny (two counts), attempted petit larceny, and criminal impersonation in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, the hearing court did not err in failing to suppress lineup identification testimony.

While lineup participants should have the same general physical characteristics as those of the suspect, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Snyder,* 304 AD2d 776, 777 [2003]; *People v Pinckney,* 220 AD2d 539 [1995]). The photographs taken of the two lineups reflect that the fillers sufficiently resembled the defendant. Moreover, any differences in weight and height were eliminated by having the participants in the lineup seated, holding a card with a number in front of them (*see People v Shaw,* 251 AD2d 686 [1998]), and any differences in hair style were eliminated by having the participants wear identical baseball caps (*see People v Ortiz,* 273 AD2d 482, 482-483 [2000]). Further, the age disparities between the defendant and the fillers were not so apparent as to single out the defendant (*see People v Pinckney,* 220 AD2d at 539; *People v Gonzalez,* 173 AD2d 48, 56-57 [1991]; *People v Middleton,* 128 AD2d 554 [1987]).

The procedures followed by the police in the first lineup were proper (*see People v Celestin,* 231 AD2d 736 [1996]; *People v Morales,* 134 AD2d 292 [1987]).

Moreover, there is no need for an independent source hearing unless the identification procedures were unduly suggestive (*see People v Wilson,* 5 NY3d 778, 780 [2005]). In light of our determination, there is no merit to the defendant's contention that the People were required to demonstrate an independent source for the complainants' in-court identification. Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.