■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REYES, Appellant. [875 NYS2d 229]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered August 17, 2006, convicting him of robbery in the first degree (two counts) and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion, pursuant to CPL 200.20 (3), for separate trials on the respective incidents charged in the indictment. The proof of each crime was separately presented, uncomplicated, and easily segregable in the minds of the jurors, there was no substantial difference in the quantity of proof at trial for each of the crimes, and the court repeatedly instructed the jury to consider each incident separately (see People v Vernon, 304 AD2d 679, 680 [2003]; People v Brewer, 269 AD2d 538 [2000]). The defendant's bald assertion that the Supreme Court's denial of the severance motion prevented him from testifying with respect to one or two of the incidents did not constitute a convincing showing that he had both important testimony to give concerning some counts and a genuine need to refrain from testifying on the others (see CPL 200.20 [3] [b]; People v Vernon, 304 AD2d at 680; People v Nelson, 133 AD2d 470, 471 [1987]).

The Supreme Court did not err in failing to suppress lineup identification testimony. Photographs of the lineup reveal that any differences in the facial hair of the lineup participants were barely noticeable, and did not render the lineup unduly suggestive (see People v Stewart, 51 AD3d 826, 827 [2008]; People v Santiago, 2 AD3d 263, 264 [2003]). While two of the lineup fillers had ponytails, they were positioned in a way that obscured their ponytails (see People v Mena, 287 AD2d 394 [2001]; People v Diaz, 138 AD2d 728 [1988]). Despite any discrepancies in their actual ages, all of the lineup participants appeared to be roughly the same age (see People v Jackson, 98 NY2d 555, 559 [2002]; People v Rodriguez, 52 AD3d 399 [2008]; People v Brown, 47 AD3d 826, 827 [2008]). Any differences in height and weight were obscured by the fact that the participants were seated, holding a card in front of their torsos (see People v Brown, 47 AD3d at 827; People v Shaw, 251 AD2d 686 [1998]). The defendant's contention that two of the witnesses could have communicated with each other while in the waiting room prior to the lineup is purely speculative and unsupported by the hearing record (see People v Celestin, 231 AD2d 736 [1996]; People v Morales, 134 AD2d 292, 293 [1987]).

The defendant failed to establish that he was denied the right to counsel at the lineup (see generally People v Mitchell, 2 NY3d 272, 274 [2004]). There was no testimony adduced at the suppression hearing indicating that the police were aware that the defendant was represented by counsel on a pending unrelated charge or that the defendant requested the presence of his

counsel at the lineup (*see People v Brown,* 26 AD3d 392 [2006]; *People v Brooks,* 184 AD2d 518, 519 [1992]; *People v Grant,* 118 AD2d 726, 727 [1986]).

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the crimes is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention, raised in his supplemental pro se brief, that the People violated their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), relies on factual assertions outside the record and thus is not reviewable on direct appeal (*see People v Purdie,* 50 AD3d 1065 [2008]).

The defendant's claim of ineffective assistance of counsel, also raised in his supplemental pro se brief, is unreviewable on direct appeal to the extent that it is predicated on matter dehors the record (*see People v Haynes,* 39 AD3d 562, 564 [2007]). To the extent that the claim can be reviewed, the defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.