■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOYIN ALONGE, Appellant. [903 NYS2d 262]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 1, 2007, convicting him of robbery in the first degree, attempted robbery in the first degree, and coercion in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chambers, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the lineup was unduly suggestive due to the discrepancy between his age and the ages of four of the other individuals in the lineup. The photographs taken of the lineup reflect that the age disparities between the defendant and the fillers were not so apparent as to "orient the viewer toward the defendant as a perpetrator of the crimes charged" (*People v Jordan*, 44 AD3d 875, 876 [2007]; *see People v Jackson*, 98 NY2d 555, 559 [2002]; *People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Brown*, 47 AD3d 826, 827 [2008]; *People v Davis*, 27 AD3d 761 [2006]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Parnell*, 182 AD2d 840, 841 [1992]). Notably, all of the participants in the lineup, including the defendant, wore identical bandannas over their faces, leaving only their eyes and foreheads visible. Accordingly, the hearing court properly declined to suppress this lineup identification evidence (*see People v Brown*, 47 AD3d at 827; *People v Davis*, 27 AD3d 761 [2006]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Parnell*, 182 AD2d at 841).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.