Contrary to the defendant’s contention, he was not deprived of the effective assistance of counsel due to his counsel’s failure to argue that the lineup identifications should have been suppressed because the complainants were together before and after the lineup, so they “may” have spoken to one another. As the contention that the complainants may have spoken to one another is purely speculative and unsupported by the hearing record, the defendant has not met his burden of proving that he was deprived of the effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]; see People v Reyes, 60 AD3d 873, 874 [2009]; People v Celestin, 231 AD2d 736 [1996]; People v Morales, 134 AD2d 292 [1987]). Similarly, the defendant was not deprived of the effective assistance of counsel by counsel’s alleged failure to move to re-open the Wade hearing (see United States v Wade, 388 US 218 [1967]). “ A. lawyer is not ineffective for failing to make a motion that is unlikely to succeed’ ” (People v Mack, 91 AD3d 794, 795 [2012], quoting People v Ennis, 41 AD3d 271, 274 [2007], affd 11 NY3d 403 [2008], cert denied 556 US 1240 [2009]; see generally CPL 710.40 [4]; People v Barrett, 17 AD3d 688 [2005]). Such is the case here.
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in denying his pretrial motion for severance and in granting the People’s motion to consolidate (see CPL 200.20 [2] [c]; [3] [a]; [4]; People v Lane, 56 NY2d 1, 8-9 [1982]; People v Montalvo, 34 AD3d 600 [2006]; People v Berta, 213 AD2d 659, 660 [1995]).
The defendant’s contention that he was deprived of a fair trial because the prosecutor made allegedly improper remarks during his summation is unpreserved for appellate review, as the defendant either did not object to the remarks or made only general objections (see CPL 470.05 [2]; People v Heide, 84 NY2d 943, 944 [1994]; People v Osorio, 49 AD3d 562 [2008]; People v *1018 Muniz, 44 AD3d 1074 [2007]; People v Salnave, 41 AD3d 872, 874 [2007]). In any event, the challenged remarks either were responsive to arguments made by defense counsel, constituted fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (see People v Hudson, 54 AD3d 774 [2008]; People v Olivo, 23 AD3d 584 [2005]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.