*917 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 19, 2010, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tomei, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to establish his intent to kill the victim. As he concedes, this contention is unpreserved for appellate review, since he failed to move for a trial order of dismissal at the close of the People’s case (see CPL 290.10, 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Clarke, 65 AD3d 1055 [2009]; People v Howard, 50 AD3d 823 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The evidence presented at trial supported a finding that the defendant intended to kill the victim. Intent may be inferred from a defendant’s conduct, as well as the circumstances surrounding the crime (see People v Massey, 61 AD3d 1433, 1433-1434 [2009]; People v Pickens, 60 AD3d 699, 700 [2009]; People v Smith, 35 AD3d 635 [2006]; People v Campbell, 300 AD2d 501, 502 [2002]; People v Fils-Amie, 291 AD2d 358, 359 [2002]). Here, the defendant’s homicidal intent could be inferred from evidence of the number, location, and severity of the stab wounds he inflicted upon the victim.
There is no merit to the defendant’s claim that he was deprived of the effective assistance of counsel by his counsel’s decision not to move for a trial order of dismissal with respect to the murder count, since the evidence was legally sufficient to support his conviction of that crime (see People v Caban, 5 NY3d 143, 152 [2005]; People v Goley, 113 AD3d 1083, 1085 [2014]; People v Cooper, 59 AD3d 1052, 1053 [2009]).
*918 The defendant was not deprived of a fair trial by the admission of two excerpts of an audio recording of a telephone call between him and his friends placed while he was incarcerated on Rikers Island. The excerpts revealed the defendant threatening the individuals whom he believed had turned him in to the police and requesting that his friends kill those individuals. The first excerpt was admissible because it contained what could be interpreted as an admission by the defendant that he had killed the victim (see People v Chico, 90 NY2d 585, 589 [1997]; People v Case, 113 AD3d 872 [2014]; People v Peele, 73 AD3d 1219, 1221 [2010]). Any ambiguity as to the incident to which the defendant was referring affected only the weight to be given to the recording, not its admissibility (see People v Case, 113 AD3d at 873; People v Shenouda, 283 AD2d 446 [2001]). Both excerpts were admissible on the ground that they reflected his consciousness of guilt (see People v Green, 92 AD3d 953, 954 [2012]; People v Peele, 73 AD3d at 1221; People v Malik, 265 AD2d 577, 578 [1999]). The court properly concluded that the probative value of these excerpts outweighed their potential for prejudice.
Contrary to the defendant’s contention, the hearing court did not err in failing to suppress the lineup identification testimony. While “the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged” (People v Jean-Baptiste, 57 AD3d 566, 566 [2008]), “[t]here is no requirement . . . that a defendant in a lineup be surrounded by people nearly identical in appearance” (People v Chipp, 75 NY2d 327, 336 [1990]). Here, the photograph taken of the lineup reflects that the fillers sufficiently resembled the defendant. Any differences in height and weight were adequately obscured by the fact that the participants were seated, holding a card in front of their torsos (see People v Reyes, 60 AD3d 873, 874 [2009]; People v Brown, 47 AD3d 826, 827 [2008]; People v Shaw, 251 AD2d 686 [1998]). There was no evidence that the police positioned the defendant in a suggestive manner, since the defendant chose his seat and position number (see People v Cruz, 220 AD2d 253 [1995]; see People v Rudolph, 161 AD2d 115, 116 [1990]).
Contrary to the defendant’s contention, the court providently exercised its discretion in denying his motion, made during the trial, to reopen the suppression hearing. The defendant failed to demonstrate that the new facts he proffered in support of the motion were likely to affect the original determination (see CPL 710.40 [4]; People v Clark, 88 NY2d 552, 555 [1996]; People v Fuentes, 53 NY2d 892, 894 [1981]).
Skelos, J.E, Lott, Roman and LaSalle, JJ., concur.